# THE CITY OF CHICAGO
## *v.*
## JONATHAN A. ALLEN *et ux.*

EVIDENCE — *irrelevancy* — *and inadmissibility of.* In an action for an injury sustained through the overturning of a carriage, by reason of a hole made and left in the street by city authorities, evidence that the injured party, during the following winter, went to Cuba, for the more perfect restoration of health, without showing that the change was necessary to a complete recovery — *held* inadmissible and improper, as tending to influence the jury in giving damages.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. S. A. IRWIN, for the appellant.

Messrs. WALKER & DEXTER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the appellees against the city of Chicago, for injuries received by Mrs. Allen from the overturning of a carriage, consequent upon its being driven into a hole made by the city in repairing a street and left unguarded. The collar-bone of Mrs. Allen was fractured. The jury found for the plaintiffs a verdict for four thousand dollars, and the city appealed.

On the trial, the plaintiffs, against the objection of the defendant, was permitted to prove, that Mrs. Allen passed the winter succeeding the accident, in the island of Cuba, with a view to the more perfect restoration of her health. This evidence is stated in the record to have been admitted by the court as tending to show the extent of the injury. We are wholly unable to see in what way it could shed light upon that subject, or upon what ground it was admissible. If it had been shown that a change of climate was necessary to a complete recovery

from injuries caused by this accident, and was likely to lead to such a result, and that the desired climate could not be found nearer than Cuba, then the evidence would have been admissible. But nothing of that kind was shown. The accident occurred in August. The following winter the plaintiff went to Cuba for the improvement of her health, which seems not to have been perfect prior to the accident. That this accident made such a journey necessary is not shown, and yet the jury, from the mere fact that such proof was permitted to be made, would be quite certain to give this evidence weight in fixing the amount of damages. For the error in admitting this evidence, the judgment must be reversed.

*Judgment reversed.*